## UNITED STATES v. LADLEY.
### No. 1122.

District Court, D. Idaho, N. D.
July 18, 1930.

H. E. Ray, U. S. Dist. Atty., of Boise, Idaho.

R. I. Keator, of Bonners Ferry, Idaho, and N. D. Wernette, of Coeur d'Alene, Idaho, for defendant.

CAVANAH, District Judge.

This case was tried with a jury, resulting in a verdict for the defendant upon the issue of whether the lands adjacent to the Indian allotments, as described in plaintiff's complaint, and which were at one time covered by the waters of Mission Lake, are riparian lands belonging to the Indian allotments. The issue presents one of fact to be applied to the law defining what constitutes a navigable water course. If the lake was a nonnavigable one, then the plaintiff, as guardian of the Indians, should have recovered the land in controversy upon the theory that the Indian allotments adjacent to the lake acquired as riparian owners to the thread or middle of the lake. While on the other hand, in case the lake was a navigable one, the title to the bed is in the state for the use of the public, and in such case a riparian owner only owns to the limit of the bed.

The test of navigability in fact of a stream or lake is whether in its natural condition it is used or susceptible of being used in its natural and ordinary condition as a highway for commerce over which trade and travel are or may be conducted in the customary modes of trade and travel on water. Oklahoma v. Texas, 258 U. S. 574, 42 S. Ct. 406, 66 L. Ed. 771. To meet that test a water course should be susceptible of use for such purposes. It should be of practicable usefulness to the public as a public highway in its natural state, and without the aid of artificial means. It must have had a useful capacity long enough to be used as a highway of transportation, and such purposes, use, and navigability must be established by clear evidence.

Applying then the facts in this case to this principle, are they sufficient to establish that the lake was a navigable water course, which is necessary to sustain the verdict of the jury? The weight of the testimony shows that the lake is an inland body of water which has served to drain the surrounding country. In the early days it was used principally by the Indians with their canoes in fishing and hunting. As the years went by, both the Indians and white men have at times used it in pleasure boating, hunting, and fishing, and have occasionally removed therefrom, with a small launch, logs which had been placed therein by reason of the high water from the Kootenai river, and the operation of a small

boat by Fisher when in going from his place across the lake occasionally when the surrounding country and the lake were temporarily flooded with high water from the river. During recent years an irrigation district was formed in the vicinity of the lake, and a ditch connected with the lake, which has resulted in draining practically all of the water therefrom, and when that was done the defendant attempted to assert a right to possession of the land formerly covered by the water of the lake. The flood waters which covered the lake and the surrounding country were caused by a break in the Kootenai river which has been repaired, leaving now very little water in the lake. In fact the surrounding country is barren, and the lake is not used for the transporting of products. When the water is low, which is during all of the year except about six weeks when it is flooded from the break in the river, it may be regarded as nothing but a basin of low water that cannot be used for navigable purposes.

This, in substance, is, what is disclosed by the evidence, and it would not seem therefrom to establish that the lake was such a water course as would bring it under the rule generally recognized and approved by the Supreme Court of Idaho, as it was not such a course used or capable of being used for the purpose of transporting products to market for any practicable period of time, so that the period of navigability could be depended upon. The rule recognized by the state Supreme Court, as to what constitutes a navigable stream, applies to conditions entirely different than those shown by this record, for the state court in defining when a stream is navigable had before it the consideration of mountain streams where logs, cut from the forest region, could, during high water season, be transported down the stream. Such are not the facts as appear in the record in the present case, for here, as already stated, we have an inland small body of water which has only been used occasionally for pleasure boating, fishing, and hunting, and removing logs therefrom which have been placed therein by the flood waters of Kootenai river, and the operation occasionally of a small boat across it when it and the surrounding country was temporarily under high water.

The evidence therefore not being sufficient to establish the lake as a navigable water course, the verdict of the jury is contrary to the law and evidence, and therefore it is set aside and a new trial granted.